UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                              Plaintiff,<br><br>                    v.<br><br>JOHN DOE,<br><br>                              Defendant. | 26 Civ. 2636 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

On March 31, 2026, Plaintiff initiated this action against an anonymous Defendant, alleging infringement of Plaintiff's copyright to digital media files.  *See* Compl. Ex. A, ECF No. 1.  Plaintiff identifies Defendant by his or her assigned IP address.  *Id.* ¶ 5.  On April 13, 2026, Plaintiff filed a motion for leave to serve a third-party subpoena on Spectrum, Defendant's Internet Service Provider ("ISP"), pursuant to Federal Rule of Civil Procedure 45.   *See* ECF No. 7.  Plaintiff's motion is **GRANTED**, subject to certain limitations.  *See Strike 3 Holdings, LLC v. Doe*, No. 24 CIV. 5663, 2024 WL 4252570, at *1 (S.D.N.Y. Sept. 20, 2024).

It is hereby **ORDERED** that Plaintiff may serve a Rule 45 subpoena on Spectrum to obtain Defendant's name and address.  Plaintiff may not subpoena the ISP for Defendant's email address or telephone number.  The subpoena shall have a copy of this Order attached, along with the "Notice to Defendant" included as Exhibit A.

It is further **ORDERED** that Defendant may proceed anonymously as John Doe unless and until the Court orders otherwise, subject to the conditions described in the "Notice to Defendant" attached as Exhibit A to this order.

It is further **ORDERED** that non-party Spectrum shall have forty-five (45) days from the date of service of the subpoena upon it to serve upon Defendant a copy of the Notice to

Defendant, a copy of the subpoena, and a copy of this Order.  Spectrum may serve Defendant using any reasonable means, including written notice sent to his or her last known address, transmitted by first class mail or by overnight service.

It is further **ORDERED** that Defendant shall have sixty (60) days from the date of service upon him or her of the Notice, subpoena, and Order to file any motion with this Court contesting the subpoena (including a motion to quash or modify the subpoena).  Spectrum shall not turn over Defendant's identifying information to Plaintiff prior to the expiration of this sixty-day period.  If Defendant or Spectrum files a motion to quash or modify the subpoena, Spectrum shall not turn over any information to Plaintiff until the Court resolves the motion and orders Spectrum to turn over the information.

It is further **ORDERED** that Spectrum shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

It is further **ORDERED** that Spectrum, upon receipt of the subpoena, shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested by Plaintiff.  If Spectrum elects to charge Plaintiff for the costs of production, it shall provide Plaintiff with a billing summary and cost report.

It is further **ORDERED** that any information ultimately disclosed to Plaintiff in response to the subpoena shall be used solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint.  Plaintiff's time to serve the summons and Complaint on Defendant is extended to forty-five (45) days after Plaintiff receives the information from the ISP pursuant to the subpoena.  Plaintiff shall not initiate settlement discussions prior to service of the Complaint without permission from the Court.  Provided, if Defendant initiates such discussions, Plaintiff may participate and settle the case.

It is further **ORDERED** that Plaintiff shall file a status letter ninety (90) days from the date of this order and every sixty (60) days subsequently until Defendant files an answer or otherwise responds to the Complaint.  Such letter(s) shall describe Plaintiff's efforts to obtain the necessary information from the ISP and to serve Defendant.  Failure to submit such letters may result in dismissal for failure to prosecute.

The Clerk of Court is respectfully directed to close the motion at ECF No. 6.

Dated: April 14, 2026
       New York, New York

_____
DALE E. HO
United States District Judge

# EXHIBIT A

**NOTICE TO DEFENDANT**

1.    You are a defendant in *Strike 3 Holdings, LLC v. John Doe, subscriber assigned IP address 67.245.27.38*, No. 26 Civ. 2636 (DEH), a case now pending before the Honorable Dale E. Ho, United States District Judge for the Southern District of New York.  Attached is Judge Ho's Order, dated April 14, 2026, setting forth certain deadlines and procedures related to this case.

      You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer).  If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York.  The *Pro Se* Office is located in Room 105 of the United States Courthouse, 40 Centre Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

2.    The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed copyrighted material on your computer.

3.    The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.  The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").  If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena.  This must be done within sixty (60) days of the date that you receive notice from your ISP that you are a defendant in this case.

4.    If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time.  Nevertheless, **if you choose to represent yourself in any proceedings before the Court, including a motion to quash the subpoena, you must provide your real name and address to the Court.**  To do so, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court.  This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it.  The Court requires this information so that it may communicate with you regarding the case.

5.    Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time.  This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.  If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you or your lawyer should provide a letter stating that you would like to proceed anonymously, within sixty (60) days of the date that you receive notice from your ISP.  You should identify yourself in your letter by the case in which you are a defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.